[No. 242. Decided June 18, 1891.]

THE STATE OF WASHINGTON, on the Relation of Otto Quade, v. FRANK ALLYN, Judge of the Superior Court of Pierce County.

APPEAL — STATEMENT OF FACTS — DUTY OF TRIAL JUDGE — EX-HIBITS IN EQUITY CASES.

It is the duty of the judge who tries a case, when required, "to settle between the parties what is the proper statement, and to certify the same;" and it is not a sufficient excuse for not settling and certifying a statement of facts, to say that the transcript of the evidence is held by a stenographer for the purpose of securing his fees, when such transcript has already been filed in the cause and subsequently withdrawn from the files with the judge's permission.

In causes of equitable cognizance, the original exhibits should be sent up on appeal, and not copies thereof.

*Original Application for Mandamus.*

*H. W. Lueders,* for relator.

When the superior judge refuses to perform his duty in signing or settling a statement of facts or bill of exceptions regularly tendered him for that purpose, or to adjourn the settlement thereof, or to order the same to be restored to the files of the court when wrongfully taken away by a stranger to the record, the supreme court has jurisdiction to compel him to perform his duty and exercise his discretion by means of a writ of *mandamus.* See Code Wash., §§ 689–691, and 693; Sess. Laws 1889–90, § 6, p. 322; Const., art. 4, § 4. The writ of *mandamus* in this case is necessary and proper, because the relief asked is necessary and proper to the complete exercise of the appellate and revisory jurisdiction of the supreme court in the premises; and there is no other speedy and adequate remedy by which the relief can be obtained. See *State v. Murphy,* 19 Nev. 89–97 (6 Pac. Rep. 840), and authorities there

cited; *Railway Co. v. Lane,* 79 Tex. 643 (16 S. W. Rep. 18; *Swartz v. Nash,* 45 Kan. 341 (25 Pac. Rep. 873); *U. S. v. Windom,* 137 U. S. 638 (11 Sup. Ct. Rep. 197); *Reichenbach v. Ruddach,* 121 Pa. St. 18 (15 Atl. Rep. 488); *Com. v. McLaughlin,* 120 Pa. St. 518 (14 Atl. Rep. 377); *Careaga v. Fernald,* 66 Cal. 351 (5 Pac. Rep. 615); *State v. Slick,* 86 Ind. 501; *State v. Hawes,* 43 Ohio St. 16 (1 N. E. Rep. 1); *Alderson v. Commissioners,* 31 W. Va. 633 (8 S. E. Rep. 274). It is the statutory duty of the superior court judge who tried the cause to sign and settle between the parties the bill of exceptions or statement of facts; and, if contested or controverted, it is his duty to determine the correctness thereof, and to settle the controversy, and to certify the same. Laws 1889–90, p. 334, §§ 4–6. And such power to settle statements of facts or bill of exceptions seems to be solely vested, in the first instance, in the judge who tried the cause. *Id.,* p. 335, §§ 8, 11. And the supreme court, by virtue of said act (§ 7), seems to be authorized only to allow amendments and additions thereto on suggestion of diminution of the record to supply omitted portions of the record under appropriate rules. See *Swartz v. Nash,* 45 Kan. 341 (25 Pac. Rep. 873). SIMPSON, Commissioner, says under a similar statute:

"It is made the statutory duty of a court to settle and sign a bill of exceptions. If the bill is not a true one the court should correct it, or suggest the correction to be made. We hold it to have been the plain duty of the contest court in this case, when the bill of exceptions was presented to it, to have correctly settled and signed it. If the bill as provided was defective in any respect, the defect should have been remedied then and there. It is a clear legal right, belonging to any party, when a case is decided against him, to have a bill of exceptions settled and signed by the court, and it amounts to an absolute denial of a legal right and of justice for a trial court to arbitrarily refuse to settle a true bill of exceptions."

In *Poteet v. Commissioners*, 30 W. Va. 58 (3 S. E. Rep. 97); *Morgan v. Fleming*, 24 W. Va. 186, the supreme court of West Virginia says:

"When a bill of exceptions is presented to the court to settle and sign, the court should carefully examine the bill of exceptions, and, if any of the statements are incorrect, he should correct them; and, upon his refusal, *mandamus* will lie to compel him to do so."

See, also, *State v. Field*, 37 Mo. App. 83; *Hawes v. People*, 129 Ill. 123 (21 N. E. Rep. 777); *State v. Murphy*, 19 Nev. 89–97 (6 Pac. Rep. 840). Settling and signing a statement of facts is a ministerial and not a judicial act. *Flournoy v. Jeffersonville*, 17 Ind. 173 (79 Am. Dec. 468). This is true, because the jurisdiction in the cause appealed is, by virtue of the appeal, vested in the supreme court; and it remains only as a matter of duty that the judge who tried the cause should verify the record of his judgment and proceedings before him, and send the same to the appellate tribunal for review. There is no discretion to be exercised on the part of the trial judge; he merely certifies the true facts of the proceedings had and the matters which transpired before him during the pendency and the trial of the cause, according to his best recollection, and there his duty ends; and this duty is imposed upon him by statute, and cannot be avoided by him; and his certificate, as to verity, is not absolutely conclusive, though *prima facie* sufficient. *Givens v. Bradley*, 3 Bibb, 192 (6 Am. Dec. 646); *Taylor v. Gillette*, 52 Conn. 216.

The opinion of the court was delivered by

ANDERS, C. J.—On May 25, 1891, upon motion of the relator, supported by affidavits, an alternative writ of mandate was duly issued out of this court directed to the respondent, commanding him immediately after the receipt of said writ to order the time for settling a statement of facts in a certain cause tried before the respondent as judge

of said superior court, wherein Warren & Hines were plaintiffs and Otto Quade and D. S. Moore & Co. were defendants, to be adjourned to a certain day, as required by law, and to forthwith cause to be restored to the files of said superior court the transcript and evidence which were filed in said cause, with a statement. of facts attached thereto as part thereof, on the 20th day of February, 1891, which, as appeared by the affidavit on behalf of the relator, had been allowed to be segregated and taken from the files of said court by the respondent, and to forthwith sign, settle and certify the statement of facts filed in said cause by the relator in accordance with the true facts in the premises, or to show cause before this court, at the court-room thereof, in the state capitol at the city of Olympia, State of Washington, on Monday the 1st day of June, 1891, at the opening of the court on that day, why he had not so done. On the return day of the writ the respondent did not appear, either in person or by attorney, but filed his return in writing, wherein he states his reasons why he has not complied with the commands of the writ. The relator objects to the return on the ground of insufficiency, and moves the court to issue a peremptory mandate. The substantive portion of the respondent's answer and return is as follows:

"He returns herewith the affidavit of C. B. Eaton, stenographer in the case of *Warren & Hines, plaintiffs, v. Otto Quade et al.*, which he asks to have made a part of this answer, as if copied in full herein. From said affidavit and this answer your honors will see the trouble arises only because of the refusal of Otto Quade or his attorney to fully pay the legal fees of a stenographer for his work, the stenographer therefore retaining the work to secure twelve dollars due to him. For further answer respondent says the judge of this court could not properly attach his certificate to a paper as containing all the testimony on which the case was tried below, in the absence of the report of the stenographer in an equitable cause like this, as, under

the act of March 22, 1890, entitled 'An act for the removal of causes from the superior to the supreme court,' all the testimony was required to be and was taken down by the stenographer, and no notes or memorandums were preserved save those taken down by the stenographer, this cause being one of equitable cognizance, as stated. The attention of the supreme court is called to § 5 of said act of March 22, 1890, found at page 333 of the Session Laws of 1889–90, as follows: 'Sec. 5. The certificate of the judge that said statement contains all the material facts in the cause or proceeding shall be sufficient. In causes of equitable cognizance, where the appeal is from the final judgment, the said statement of facts shall contain all the testimony on which the cause was tried below, together with any exceptions or objections taken to the reception or rejection of testimony.' This being a case of equitable cognizance, and the evidence having been taken by a stenographer as contemplated by § 5, above quoted, and having been preserved in no other way, by notes or memorandums taken by any other person which were reliable, it will readily be seen that it would be impracticable for this court to certify to anything as the evidence in the cause, except the report or transcript of the stenographer. This report is shown by the affidavit of the stenographer to be in his hands, and properly held by him, for the purpose of securing his fees for doing the work. The transcript is not before this court, and cannot be certified to by this court until the usual and customary course is pursued by the relator of paying (as he should have done in the first place) the proper fees of the stenographer, obtaining the report, and presenting it to this court for certification. When that is done the court will be pleased to certify it in the customary way, and cannot make any further return than herein stated and shown by the affidavit of the stenographer hereto attached as part of this answer."

It will be seen by an examination of this return that the main reason alleged for not settling and signing the statement of facts as required by the alternative writ is because the "transcript is not before this court, and cannot be certified to by this court until the usual and customary course

is pursued by the relator of paying (as he should have done in the first place) the proper fees of the stenographer, obtaining his report, and presenting it to this court for certification." But the law clearly makes it the duty of the judge who tries a case "to settle between the parties what is the proper statement, and to certify the same." The judge is presumed to know what the facts are in every case tried before him, and it is no sufficient reason or excuse for not settling and certifying a statement of facts to say that the transcript of the evidence is in the hands of a stenographer, and "properly held by him for the purpose of securing his fees for doing the work." How properly held? It is alleged in relator's affidavit, and is not disputed by the respondent, that a transcript of the testimony was filed in the cause, and was subsequently permitted to be taken and segregated from the files by the respondent. This being true, it must still be treated as being under his control, and we see no reason why the court could not order and compel its restoration to the custody of the clerk with whom it was filed, if deemed necessary by the judge to the discharge of his official duty. The stenographer in this case is not an officer of the court, and, even if he were, he would have no right to withhold any of its records or papers from the proper custodian thereof. By going into court at its request or by its permission, and writing down the testimony in the cause, he became the hand and servant of the court, and it would be announcing a strange doctrine indeed to say that he had a right by virtue of a supposed lien, to take and retain the testimony thus preserved after the same had been filed in the cause.

There seems to be some controversy in this proceeding concerning copies of exhibits introduced in evidence at the trial, and which the relator desires to embody in his statement of facts; and we will state here, for the benefit of the parties and of the bar generally, that in causes of equitable

cognizance the original exhibits should be sent up on appeal, and not copies thereof. This we believe to be the law, and this court has uniformly so held. It is the absolute legal right of the relator to have a complete record of his case brought to this court, in order that justice may be done between the parties. A statement of facts is necessary to a full and complete record. The respondent refused to settle, sign and certify the one presented by counsel for relator on the ground that it did not speak the truth, but at the same time refused to correct it so as to make it conform to the real facts in the case, as it was his duty to do, because, as it appears, it was not a statement which had been certified by the stenographer. The return is manifestly insufficient upon its face. Let the peremptory writ issue.

HOYT, STILES, DUNBAR, and SCOTT, JJ., concur.